```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  x
                                                            :
J & J SPORTS PRODUCTIONS, INC.,                             :
                                                            :
                    Plaintiff,                              :
                                                            :
        -against-                                           :
                                                            :        **REPORT AND**
SPENCER CINEUS, Individually and d/b/a                      :        **RECOMMENDATION**
CITADELLE BAR & RESTAURANT aka                              :
CITADELLE LOUNGE; and CITADELLE                             :        18-CV-5109 (AMD)(PK)
INCORPORATED, an unknown entity d/b/a                       :
CITADELLE BAR & RESTAURANT aka                              :
CITDELLE LOUNGE,                                            :
                                                            :
                    Defendants.                             :
                                                            :
----------------------------------------------------------  x
```

**Peggy Kuo, United States Magistrate Judge:**

On September 11, 2018, J & J Sports Productions, Inc. ("Plaintiff") brought this action against Citadelle Incorporated ("Citadelle"), a business entity that did business as Citadelle Bar & Restaurant aka Citadelle Lounge, and Spencer Cineus (together with Citadelle, "Defendants") for violating the Federal Communications Act of 1934, 47 U.S.C. § 151 *et seq.* ("FCA"). On March 5, 2021, judgment was entered in favor of Plaintiff. (Dkts. 28, 29.)

Before the undersigned on referral from the Honorable Judge Ann M. Donnelly is Plaintiff's Motion for Attorneys' Fees and Costs. ("Motion," Dkt. 26.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted in part and denied in part.

## BACKGROUND

### I.  Procedural Background

Plaintiff filed the Complaint on September 11, 2018 (Dkt. 1) and served it on Citadelle and Cineus on September 24, 2018 and November 20, 2018, respectively (Dkts. 5, 6). Plaintiff requested

1

certificates of default for both Defendants on December 21, 2018 (Dkt. 8), which were entered by the Clerk of Court on December 27, 2018 (Dkt. 9). Plaintiff filed a motion for default judgment on February 22, 2019 (Dkt. 10), which it withdrew on September 10, 2019 (Dkt. 14), after the Court questioned Plaintiff's failure to specify whether the broadcast was transmitted via cable pursuant to 47 U.S.C. § 553, or wire or radio pursuant to 47 U.S.C. § 605 (Order Dated Sept. 10, 2019).

Plaintiff filed the Amended Complaint on October 15, 2019 (Dkt. 16), which it served on Citadelle and Cineus on October 22, 2019 and October 28, 2019, respectively (Dkts. 17, 18). Plaintiff requested certificates of default for both Defendants on December 11, 2019 (Dkt. 19), which the Clerk of Court entered on December 17, 2019 (Dkt. 21). Plaintiff filed a motion for default judgment on May 1, 2020 (Dkt. 24), which Judge Donnelly referred to the undersigned (Order Dated May 2, 2020). On February 2, 2021, the undersigned issued a Report and Recommendation recommending that the motion for default judgment be granted, that Plaintiff be awarded $2,000 in statutory damages and $4,000 in enhanced damages under 47 U.S.C. § 605, and that Plaintiff be permitted to move for attorneys' fees within thirty days of adoption of the Report and Recommendation. (The "R&R," Dkt. 25.) On February 8, 2021, before adoption of the R&R, Plaintiff filed the Motion. (Dkt. 26.) Plaintiff also submitted a Declaration of Plaintiff's Counsel in Support of Motion for Attorneys' Fees and Costs ("Hunter Decl.," Dkt. 26-2 at 1-3), a record of attorneys' fees and costs (Exhibit 1 to the Hunter Decl., "Fee Statement," Dkt. 26-2 at 4-9), an invoice for an "audit/investigation" (Exhibit 2 to the Hunter Decl., "Auditor Bill," Dkt. 26-2 at 10-11), and process server invoices (Exhibit 3 to the Hunter Decl., "Process Server Bills," Dkt. 26-2 at 12-17).

On March 4, 2021, Judge Donnelly adopted the R&R in full and entered judgment for Plaintiff in the amount of $6,000. (Dkt. 28.) The Motion was referred to the undersigned. (Dkt. Order Dated Mar. 4, 2021.)

**DISCUSSION**

Plaintiff seeks an award of $2,497.50 in attorneys' fees and $1,461.00 in costs. ("Mem. Of Law," Dkt. 26-1 at 4.) The FCA provides for an award of attorneys' fees and costs to a prevailing plaintiff in a Section 605 case. *See* 47 U.S.C. § 605(e)(3)(B)(iii).

**I.     Attorneys' Fees**

Plaintiff seeks $1,557.50 in fees for 4.45 hours of attorney time and $940.00 in fees for 9.4 hours of paralegal time. (*See* Fee Statement, Dkt. 26-2 at 5-9.) "The court has discretion to determine the amount of attorneys' fees appropriate to satisfy a fee award." *Zuffa, LLC v. South Beach Saloon, Inc.*, No. 15-CV-6355 (ADS)(AKT), 2019 WL 1322620, at *6 (E.D.N.Y. Mar. 6, 2019), *R&R adopted*, 2019 WL 1317568 (E.D.N.Y. Mar. 22, 2019) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "[T]he lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).

"[A]bsent unusual circumstances[,] attorneys are required to submit *contemporaneous* records with their fee applications" to document the hours reasonably billed. *See Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) ("*Scott I*") (emphasis added) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)). The Second Circuit has made clear that this is "a strict rule from which attorneys may deviate only in the rarest of cases." *Scott I*, 626 F.3d at 133. Such exceptions may include events outside the attorneys' control, "such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application." *Id.* at 134.

Plaintiff concedes that the records submitted in support of the Motion are not contemporaneous time records. (*See* Mem. Of Law at 2 ("Plaintiff's billing records are reconstructed

3

via review of the files themselves."); Hunter Decl. ¶ 6 ("Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves.").) Unlike in *Joe Hand Promotions, Inc. v. Dilone*, No. 19-CV-871 (NGG)(RML), 2020 WL 2572271, at *6 (E.D.N.Y. Jan. 23, 2020), *R&R adopted in part*, 2020 WL 1242757 (E.D.N.Y. Mar. 16, 2020), Plaintiff does not argue that the reconstructed records were "produced based upon a compilation of contemporaneous records kept in the regular course of business." *Cf. id.* at *6. Plaintiff does not state that any form of contemporaneous recordkeeping was performed. Rather, Plaintiff asserts, "[h]aving handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered." Hunter Decl. ¶ 6. Such generic estimates of billable time are insufficient to support an award of attorneys' fees. Plaintiff does not present any "rare circumstances" that justify an exception to the general rule requiring contemporaneous records.[1] *See Scott I*, 626 F.3d at 134.

Numerous courts in this Circuit have rejected this same counsel's requests for attorneys' fees in similar cases when counsel failed to provide contemporaneous time records. *See, e.g.*, *J & J Sports Prods., Inc. v. Guncay*, No. 18-CV-2097 (FB)(RML), 2019 WL 1876830, at *1 (E.D.N.Y. Apr. 26, 2019) ("As courts in this district have warned before, counsel would do well to maintain contemporaneous records in the future.") (citing *Joe Hand Promotions, Inc. v. Kings Point Rest., Inc.*, No. 17-CV-01870 (MKB), 2017 WL 6611705, at *10 (E.D.N.Y. Nov. 3, 2017)); *G&G Closed Cir. Events, LLC v. Vasquez*, No. 20-CV-2030 (RJD)(SMG), 2020 WL 8167387, at *4 (E.D.N.Y. Dec. 27, 2020), *R&R adopted*, 2021 WL 135721 (E.D.N.Y. Jan. 14, 2021); *see also J & J Sports Prods., Inc. v. Silvestre*, No. 18-CV-3731 (PGG)(JLC), 2019 WL 179810, at *5 (S.D.N.Y. Jan. 14, 2019), *R&R adopted*, 2019 WL 3297080

---

[1] Plaintiff's reliance on *Joe Hand Promotions, Inc. v. Albright*, No. 11-CV-2260 (WBS)(CMK), 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013) is misplaced. While the California District Court there allowed the use of reconstructed time records without contemporaneous records, the Second Circuit rule requiring contemporaneous records is binding on this Court. *See Scott I*, 626 F.3d at 133.

4

(S.D.N.Y. July 22, 2019). Counsel has long been on notice that he must submit contemporaneous time record in support of a fee application, yet he has failed to do so here. This failure to heed repeated admonitions by courts is inexplicable and inexcusable.

Plaintiff notes that "fees that can reasonably be ascertained via reference to Court filings, even if not contemporaneous per se, may be recovered…" (Mem. Of Law at 3.) *See Scott v. City of New York*, 643 F.3d 56, 59 (2d Cir. 2011) ("*Scott II*") ("entries in official court records (e.g. the docket, minute entries, and transcriptions of proceedings) may serve as reliable documentation of an attorney's compensable hours in court at hearings and at trial and in conferences with the judge or other court personnel"). However, "attorneys seeking fees must point to entries in the official court records that specifically and expressly demonstrate their presence before the court and indicate with reasonable certainty the duration of that presence." *Id.* In this case, however, there were *no* hearings or conferences at which Plaintiff's counsel appeared. (*See* Fee Statement.) *Cf. Scott II*, 643 F.3d at 59. Thus, the Court cannot verify the duration and nature of legal work done in connection with any appearances in court.

The undersigned therefore finds that Plaintiff has provided insufficient support for its fee application, and respectfully recommends that the Motion be denied as to attorneys' fees.

## II.    Costs

The FCA also provides for an award of costs. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks $1,461.00 in costs. (Mem. Of Law at 4.)[2] "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-

---

[2] Plaintiff's Fee Statement summarizes total costs of $1,336.52. (Fee Statement, Dkt. 26-2 at 9.) The amounts listed for Investigative Expenses and Process Server Bills are not consistent with the invoices provided. (*Compare id.* ($650 for Investigative Expenses and $286.52 for Service Process Fees) with Auditor Bill, Dkt. 26-2 at 11 ($660 for investigator) and Process Server Bills, Dkt. 26-2 at 13-17 ($410 for service of process).) Nevertheless, the invoices provided plus the filing fee equal $1,461.00, the amount requested in the Memorandum of Law.

7229 (SJF)(SIL), 2020 WL 1666460, at *9 (E.D.N.Y. Apr. 2, 2020) (quoting *Volpe v. Nassau Cnty.*, No. 12-CV-2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016)).

The $400.00 filing fee is noted on the docket. *See Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-06476 (ARR)(PK), 2020 WL 5519200, at *7 (E.D.N.Y. Aug. 27, 2020), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020). The undersigned therefore finds that the $400.00 filing fee has been adequately documented.

With respect to Plaintiff's request for costs associated with service of process, Plaintiff submitted five invoices, including three for the Complaint and two for the Amended Complaint. (Process Server Bills, Dkt. 26-2 at 12-17.) The undersigned finds that Plaintiff's two invoices for $85.00 and $78.00 for successful service of the Complaint on the Defendants are reasonable. (*See id.* at 14, 16.) The remaining invoices do not support an award of costs. An invoice for $85.00 indicating an attempt at service on Defendant Cineus on September 18, 2018 does not explain why service was attempted at that address and why it was unsuccessful or necessary. (*See id.* at 13.) With respect to the remaining two invoices for service of the Amended Complaint, the undersigned finds that these are not reasonable, because the filing and service of an Amended Complaint were necessitated by Plaintiff's failure to plead an essential element of its case—whether the broadcast was transmitted by cable, wire, or radio—in the Complaint. (*See id.* at 15, 17; *see also* Order Dated Sept. 10, 2019.) Costs incurred as a result of Plaintiff's failures should not be recoverable against Defendants.

Finally, Plaintiff seeks $660.00 in investigative costs. Some courts, including courts in this district, have declined to award investigator fees at all. *See J & J Sports Prods., Inc. v. Garcia*, 06-CV-4297 (GBD)(HBP), 2011 WL 1097538, at *6 (S.D.N.Y. Mar. 1, 2011), *R&R adopted*, 2011 WL 1046054 (S.D.N.Y. Mar. 22, 2011) (citing cases). Even those that have considered awarding investigator fees have required contemporaneous time records. *Vasquez*, 2020 WL 8167387, at *5 ("Like attorney's fees, parties 'requesting investigative costs must supply contemporaneous time records to substantiate

6

the fee request.'" (quoting *J & J Sports Prods., Inc. v. Rodrigues*, No. 05-CV-5805 (RJD), 2007 WL 1726462, at *9 (E.D.N.Y. Apr. 19, 2007))). In support of its request for investigative expenses, Plaintiff submitted an invoice from the Law Office of Thomas P. Riley, P.C. for $660.00, which states the date of the broadcast, "Citadelle Lounge, Brooklyn, NY, $10.00 Cover Charge," and "Yes" under the headings "License," "Video," and "Still Photos." (*See* Auditor Bill, Dkt. 26-2 at 11.) Plaintiff also submitted a declaration from Robert Hunter, one of Plaintiff's counsel, stating his opinion, without reference to any activities undertaken by the "auditor" or the auditor's qualifications and hourly rate, that "the fee for the auditor's investigation in this case is a reasonable fee." (Hunter Decl. ¶ 9.)

Courts routinely deny requests for investigative costs when plaintiffs fail to submit contemporaneous time records to substantiate the request. *See, e.g.*, *Joe Hand Promotions, Inc. v. Disla*, No. 19-CV-788 (NG)(SMG), 2020 WL 2572268, at *7 (E.D.N.Y. Feb. 3, 2020), *R&R adopted*, 2020 WL 3451659 (E.D.N.Y. June 24, 2020); *G&G Closed Cir. Events, LLC v. Llanos*, No. 20-CV-7388 (KMK), 2021 WL 1581079, at *2 (S.D.N.Y. Apr. 22, 2021) (rejecting same proof as here and citing cases rejecting same). Without supporting documentation detailing who the investigator or auditor was, what that person's qualifications were, what that person did and how long it took, the Court cannot assess whether the requested fees are reasonable.[3] Therefore, the request for investigative fees should be denied.

The undersigned therefore respectfully recommends that Plaintiff's motion for costs be granted only as to the filing fee of $400.00 and service of process fees of $163.00.

---

[3] Although not filed in support of this Motion, an affidavit of Abdul Kabba, who identifies himself as an investigator, was filed in support of the Motion for Default Judgment. (Exhibit 5 to Loughlin Decl., "Kabba Aff.," Dkt. 24-1 at 47-48.) In it, Kabba states that he entered Citadelle Lounge at 11:30 pm on September 12, 2015, paid $10 to enter the establishment, and left at 11:56 pm the same day. (*Id.*) Even if the Court were to consider the statements in this affidavit, Plaintiff does not support the reasonableness of its request for investigative fees.

## **CONCLUSION**

Based on the foregoing, the undersigned respectfully recommends that the Motion be denied as to attorneys' fees and granted in part as to costs, and that Plaintiff be awarded $563.00 in total costs.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by June 3, 2021. Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         May 30, 2021